Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Tyler H.L. Tornabene
Daniel Hugo Fruchter
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In Re The Matter of:

United States' Petition for Summary Enforcement and Costs Re: Civil Investigative Demand No. EDWA 21-002

NO. 1:21-cv-3048

**UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS RE: CIVIL INVESTIGATIVE DEMAND No. EDWA 21-002**

**April 7, 2021** at **6:30 p.m.**
*Without Oral Argument*

**PETITION FOR SUMMARY ENFORCEMENT AND COSTS
RE: CIVIL INVESTIGATIVE DEMAND No. EDWA 21-002**

1.  On March 17, 2021, the Respondent Rick Gray failed to appear and provide oral testimony as directed by a lawfully issued and validly served Civil Investigative Demand ("CID") issued pursuant to the False Claims Act. The United States of America hereby petitions this Court, pursuant to 31 U.S.C. §3733(j)(1), for an order enforcing the United States' CID No. EDWA 21-002 and compelling the Respondent Rick Gray to submit to oral testimony under oath on a date and time certain: April 15, 2021, at 9:00 a.m. at the Thomas S. Foley U.S. Courthouse in

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-1

Spokane, Washington.

2. The United States of America further petitions this Court, as an appropriate sanction pursuant to Fed. R. Civ. P. 30(d)(2), for an order compelling Respondent Rick Gray to pay $1,935.79 of the United States' reasonable expenses, as detailed herein, resulting from Respondent Rick Gray's unjustified failure to appear as directed by CID No. EDWA 21-002, without any prior notice.

3. In support of this petition, the United States incorporates by reference Attachment A, the Declaration of Tyler H.L. Tornabene, and the exhibits to that declaration: 1) a copy of CID No. EDWA 21-002; 2) transcript of sworn testimony of Special Agent Jason Gonzalez of the United States Department of Agriculture, Office of Inspector General dated March 17, 2021; 3) relevant email communications; and 4) the most recent written direction provided pursuant to CID No. EDWA 21-002.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over this petition under 31 U.S.C. §§ 3733(j)(1) and (j)(5); and 28 U.S.C. § 1345.

5. Venue is proper in this district under 31 U.S.C. § 3733(j)(2).

6. Petitioner, United States of America, is represented by the United States Attorney's Office for the Eastern District of Washington, which is a component of the United States Department of Justice, an executive agency of the United States responsible for enforcing the provisions of the False Claims Act, 31 U.S.C.§§ 3729-3733.

7. Respondent Rick Gray has been served with CID No. EDWA 21-002 requiring that he give oral testimony in connection with an investigation being conducted by the United States Attorney's Office for the Eastern District of Washington a component of the Department of Justice, an executive agency of the United States responsible for enforcing the provisions of the False Claims Act, 31 U.S.C. §§ 3729-3733.

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-2

## STATUTORY BACKGROUND

8.  The False Claims Act authorizes the Attorney General of the United States, or an authorized designee, to issue CIDs to persons who may be in possession, custody, or control of documents or information "relevant to a false claims law investigation." 31 U.S.C. § 3733(a)(1).

9.  Pursuant to statutory authority conferred by the Fraud Enforcement and Recovery Act of 2009, the Attorney General delegated the authority to issue CIDs to, among others, United States Attorneys.  *See, e.g.,* Redelegation of Authority of Assistant Attorney General, Civil Division, to Branch Directors, Heads of Offices and United States Attorneys in Civil Division Cases, 28 C.F.R. Part 0, Directive No. 1-10, 75 Fed. Reg. 14070-01 (Mar. 24, 2010).

10. Under the False Claims Act, CIDs allow the United States to compel appearance for oral examination during the period in which the United States is investigating whether or not a violation of the FCA occurred. *See United States v. Markwood*, 48 F.3d 969, 975-76 (6th Cir. 1995); *United States v. Witmer*, 835 F. Supp. 208, 211 (M.D. Pa. 1993), *aff'd*, 30 F.3d 1489 (3rd Cir. 1994). A False Claims Act CID is a unique type of administrative subpoena, which allows the United States to obtain information and testimony to assist it in making a determination as to whether to commence a lawsuit under the False Claims Act. *See Markwood*, 48 F.3d at 975; *see also United States v. Picetti*, No. 2:19-cv-00049-KJM-AC, 2019 WL 1895057, at *2 (E.D. Cal. Apr. 29, 2019) (collecting cases). As Congress has noted, "[t]he purpose of the CID is to 'enable the Government to determine whether enough evidence exist[s] to warrant the expense of filing [a civil] suit, as well as to prevent the potential Defendant from being dragged into court unnecessarily.'" *Witmer*, 835 F. Supp. at 211 (*quoting* H.R. Rep. 660, 99th Cong., 2d Sess. 26 (1986)).

11. Consequently, the False Claims Act provides that in connection with a False Claims Act investigation, "the Attorney General, or a designee, may, before commencing a civil proceeding under section 3730(a). . . issue in writing and cause

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-3

to be served . . . a civil investigative demand . . . ." 31 U.S.C. § 3733(a)(1).

12. The False Claims Act further provides that a civil investigative demand may require oral testimony under oath to be provided within seven days of service. 31 U.S.C. § 3733(a)(2)(F).

13. The False Claims Act further provides that "[a]ny person who has received a civil investigative demand . . . may file . . . a petition for an order of the court to modify or set aside such demand" and that any such petition must be filed "within 20 days after the date of service of the civil investigative demand, or at any time before the return date specified in the demand, whichever is earlier." 31 U.S.C. § 3733(j)(2).

## ISSUANCE OF CID No. EDWA 21-002

14. On February 24, 2021, the United States Attorney for the Eastern District of Washington issued CID No. EDWA 21-002 (herein also referred to as "the CID") to Respondent Rick Gray. (Tornabene Declaration[1] at ¶4). The CID was issued in connection with the False Claims Act investigation of Respondent Rick Gray regarding allegations that he knowingly submitted and caused to be submitted false and fraudulent claims and statements to the United States Department of Agriculture (USDA) Federal Crop Insurance Corporation (FCIC). (Tornabene Declaration at ¶4).

15. As allowed by 31 U.S.C. § 3733(d)(2)(A), the CID was personally served on Respondent Rick Gray on March 10, 2021, by Special Agent Jason Gonzalez of the USDA Office of Inspector General (OIG). (Tornabene Declaration at ¶5).

//

---

[1] Refers to the Declaration of Tyler H.L. Tornabene in support of United States Petition for Summary Enforcement and For Costs Re: Civil Investigative Demand No. EDWA 21-002, attached hereto as Attachment A.

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-4

16. The CID required that Respondent Rick Gray "give oral testimony under oath, commencing seven (7) days from the date of receipt of this Demand, at 9:00 a.m., at the United States Attorney's Office for the Eastern District of Washington, 920 W. Riverside Ave., Spokane, Washington 99201 . . . ." (Tornabene Declaration at ¶6).

17. Based on the March 10, 2021, day of service, seven days from Respondent Rick Gray's receipt of the CID was March 17, 2021.

18. Further, when Special Agent Gonzalez personally served Respondent Rick Gray on March 10, 2021, he explicitly told Respondent Rick Gray that under the CID Respondent Rick Gray was required to appear in Spokane, Washington, as directed by the CID, on March 17, 2021. (Tornabene Declaration at ¶8). At no time did Respondent Rick Gray express any confusion as to the clear direction explicitly stated in the CID regarding the date, time, and location of his oral testimony. (Tornabene Declaration at ¶8).

19. Later on March 10, 2021, after Respondent Rick Gray was personally served with the CID, the below named counsel for the United States received an email from attorney Timothy J. Carlson acknowledging that his client, Respondent Rick Gray, was served with the CID. (Tornabene Declaration at ¶9).

20. In subsequent email exchanges that same day, March 10, 2021, Mr. Carlson requested to speak with counsel for the United States. (Tornabene Declaration at ¶10). Counsel for the United States offered the afternoons of March 11th and 12th or anytime on March 15th as times to talk via phone with Mr. Carlson. (*Id.*). Counsel for the United States also provided Mr. Carlson email contact information and cell phone contact information to further facilitate making contact with counsel for Respondent Rick Gray regarding the CID. (*Id.*). The United States is unaware of any other attempt by Respondent Rick Gray, counsel for Respondent Rick Gray, or anybody purporting to act on behalf of Respondent Rick Gray, to contact the United States Attorney's Office for the Eastern District of Washington

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-5

prior to 5:00 p.m. on March 17, 2021, although Mr. Carlson did provide a response shortly after 5:00 p.m. that day. (Tornabene Declaration at ¶10).

21. In his email shortly after 5:00 P.M. on March 17, 2021, Mr. Carlson does not express any confusion, either on his part or on Respondent Rick Gray's part, as to when or where Respondent Rick Gray's oral testimony pursuant to the CID was to have been. (Tornabene Declaration at ¶11).

22. However, at no time did Respondent Rick Gray, counsel for Respondent Rick Gray, or anybody purporting to act on behalf of Respondent Rick Gray, request any alteration to the date, time, or location of Respondent Rick Gray's oral testimony as required and directed pursuant to the CID. (Tornabene Declaration at ¶12).

23. At no time did Respondent Rick Gray, counsel for Respondent Rick Gray, or anybody purporting to act on behalf of Respondent Rick Gray, object to the enforceability of the CID or to the date, time, or location of Respondent Rick Gray's oral testimony as required and directed pursuant to the CID. (Tornabene Declaration at ¶13).

24. As a result of Respondent Rick Gray's failure to appear as directed by the CID to provide oral testimony under oath, and Respondent Rick Gray's lack of any notice that he would not appear as directed, the United States incurred a total of $1,935.79 in costs, not including attorney costs, from the following sources in the following amounts:

    a. $161.28 for the travel of USDA OIG Special Agent Jason Gonzalez to and from the scheduled oral testimony of Respondent Rick Gray. This amount is based on Special Agent Gonzalez's round trip mileage of 288 miles in a government vehicle from Richland, Washington where he is based. This calculation uses the 2021 federal mileage rate of $0.56 per mile;

//

      b.  $1,603.51 for the travel of Special Investigator Michael "Chris" Treiber of the USDA Risk Management Agency to and from the scheduled oral testimony of Respondent Rick Gray. This amount is based on Special Investigator Treiber's travel costs, including round trip airfare from San Luis Obispo, California, as he is based in that area; and

      c.  $171.00 in court reporter costs from Snover Court Reporting. (Tornabene Declaration at ¶14).

25. By email dated March 17, 2021, the United States informed Respondent Rick Gray, through his counsel Mr. Carlson, that it would be seeking an order from the Court imposing on Respondent Rick Gray the costs that were incurred because of his failure to appear as directed by the CID. (Tornabene Declaration at ¶15). At that time the United States further informed Mr. Carlson for Respondent Rick Gray that the United States would seek a court order compelling Respondent Rick Gray's appearance to give oral testimony as required by the CID. (Tornabene Declaration at ¶15).

26. Mr. Carlson, for Respondent Rick Gray, responded to the United States' that Respondent Rick Gray could be available to provide oral testimony pursuant to the CID the week of April 12, 2021, provided it was after April 12th. (Tornabene Declaration at ¶16). Mr. Carlson, for Respondent Rick Gray, advised that Respondent Rick Gray was seeking different counsel to represent him in this matter and that any scheduling issues for such new counsel were unknown. (Tornabene Declaration at ¶16). Mr. Carlson, for Respondent Rick Gray, further advised that he would be willing to accept service of the instant petition but did not intend to enter a notice of appearance on behalf of Respondent Rick Gray in this matter. (Tornabene Declaration at ¶16).

27. Pursuant to the CID, the undersigned counsel has directed Respondent Rick Gray in writing that he is to be present to provide oral testimony under oath on

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-7

April 15, 2021, at 9:00 a.m. in Room 116 of the Thomas S. Foley U.S. Courthouse located at 920 W. Riverside Ave., Spokane, Washington 99201. (Tornabene Declaration at ¶17).

## GROUNDS FOR ENFORCING CID NO. EDWA 21-002

28.  Courts have consistently considered CIDs under the False Claims Act to be administrative subpoenas. *See United States v. Picetti*, No. 2:19-cv-00049-KJM-AC, 2019 WL 1895057, at *2 (E.D. Cal. Apr. 29, 2019) (*citing United States v. Markwood*, 48 F.3d 969, 975-76 (6th Cir. 1995) (finding FCA CIDs are administrative subpoenas); *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1087 (D.C. Cir. 1992) (treating FTC CID as administrative subpoena), *cert. denied*, 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993); *United States v. ASG Solutions Corp.*, No. 17-cv-1224, 2018 WL 1418023, 2018 U.S. District LEXIS 47716 (S.D. Cal., March 22, 2018) (Report and Recommendation of Magistrate Judge) (enforcement of FCA CID governed by standards for administrative subpoenas), *adopted in full*, 2018 WL 3471405, 2018 U.S. Dist. LEXIS 121013 (S.D. Cal., July 18, 2018)); *accord Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2194 (2020) (referring in *dicta* to a civil investigative demand issued under by the Consumer Financial Protection Bureau pursuant to 12 U.S.C. § 5562(c)(1) as "essentially a subpoena".).

29.  In the Ninth Circuit judicial inquiry regarding agency subpoena enforcement is exceedingly narrow. *See United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012); *see also EEOC v. Fed. Express Corp.*, 558 F.3d 842, 848 (9th Cir. 2009). The critical questions courts are to consider are: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *EEOC v. Fed. Express Corp.*, 558 F.3d at 848 (*quoting EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001).

//

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-8

30.     The Ninth Circuit has held that if the above factors are shown by the government then the subpoena should be enforced unless there is proof by the party being investigated that the inquiry is overbroad or unduly burdensome. *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc), *overruled on other grounds as recognized in Prudential Ins. Co. of Am. V. Lai,* 42 F.3d 1299 (9th Cir. 1994); *see also Peters v. United States*, 853 F.2d 692, 699 (9th Cir. 1988) (summarizing cases addressing subpoenas found unduly or needlessly broad).

31.     As to the first factor on Congressional authority, by virtue of the False Claims Act, specifically the CID provisions found at 31 U.S.C. § 3733, Congress has granted the Department of Justice, including components such as United States Attorney's Offices, the authority to investigate suspected violations of the False Claims Act. *See e.g. United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 745 (9th Cir. 1993) ("The FCA. . .is the government's primary litigative tool for combatting fraud against the federal government.").

32.     The CID is directly related to an investigation of Respondent Rick Gray's potential violations of the False Claims Act concerning allegations that Respondent Rick Gray submitted or caused to be submitted false claims for payment to the USDA for supposed crop insurance losses when in fact Respondent Rick Gray had no such losses.

33.     Accordingly, it was within the United States' statutory authority under 31 U.S.C. § 3733 to issue the CID, serve it on Respondent Rick Gray, and to take his oral testimony under oath pursuant to the CID.

34.     The second factor is whether procedural requirements have been followed. As detailed *supra*, the CID was validly issued and personally served on Respondent Rick Gray. Further, Respondent Rick Gray did not, and has not, timely moved to modify or set aside the CID as provided for by 31 U.S.C. § 3733(j)(2) and has thereby waived any objection. (Tornabene Declaration at ¶12,13).

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-9

Consequently, the procedural requirements of 31 U.S.C. § 3733 have been followed as to the CID and Respondent Rick Gray.

35. The third factor to consider is whether the evidence is relevant and material to the investigation. Here, the allegations of Respondent Rick Gray's False Claims Act violations include multiple allegedly false or fraudulent crop insurance loss claims, resulting in indemnity checks received by Respondent Rick Gray totaling over one million dollars, submitted for crop years 2013 through 2016 to the Rural Community Insurance Company. (Tornabene Declaration at ¶19). The allegedly fraudulently obtained indemnity checks, totaling over one million dollars, was ultimately completely borne by the USDA through the FCIC. (Tornabene Declaration at ¶19).

36. More specifically, the allegations of Respondent Rick Gray's False Claims Act violations include false overstatement of agricultural losses in support of his crop insurance claims, as well as false, fraudulent, and material omission of sales of crops required to be disclosed on annual reports. (Tornabene Declaration at ¶20).

37. The CID, which is attached as Exhibit 1 to the Tornabene Declaration (Attachment A hereto), calls for Respondent Rick Gray to provide oral testimony under oath on a variety of specifically identified topics all of which are relevant and material to the investigation of the alleged False Claims Act violations committed by Respondent Rick Gray. The specified topics essentially fall into 4 categories: 1) Respondent Rick Gray, and his associated entities', farming operations from 2013 to the present; 2) Respond Rick Gray, and his associated entities', knowledge of and participation in obtaining crop insurance and making crop insurance loss claims from 2013 to the present; 3) Respondent Rick Gray, and his associated entities', use of various specified granaries from 2013 to the present; and 4) Respondent Rick Gray, and his associated entities', receipt of crop insurance indemnity payments from 2013 to the present. (*See* Exhibit 1 to Tornabene Declaration).

38. These areas of inquiries are highly relevant and material to any determination of whether or not Respondent Rick Gray violated the False Claims Act via the submission of phony crop insurance loss claims. Importantly, the United States has not commenced any civil action brought under the False Claims Act in connection with this investigation as it remains ongoing. (Tornabene Declaration at ¶22).

39. Accordingly, all three Ninth Circuit factors for enforcement are met and pursuant to its authority under 31 U.S.C. §§ 3733(j)(1) and (j)(5), this Court should enter an order enforcing CID No. EDWA 21-002 and require Respondent Rick Gray to submit to oral examination on April 15, 2021 at 9:00 a.m. in Room 116 of the Thomas S. Foley U.S. Courthouse, located at 920 W. Riverside Ave., Spokane, Washington 99201.

## GROUNDS FOR IMPOSING COSTS

40. As detailed *supra*, Courts have consistently considered CIDs under the False Claims Act to be administrative subpoenas. *See United States v. Picetti*, No. 2:19-cv-00049-KJM-AC, 2019 WL 1895057, at *2 (E.D. Cal. Apr. 29, 2019) (collecting cases).

41. The Federal Rules of Civil Procedure govern all proceedings relating to subpoenas. Fed. R. Civ. P. 81(a)(5). Additionally, the False Claims Act provides, in pertinent part, "[t]his subsection shall not preclude the taking of testimony by any means authorized by, and in a manner consistent with, the Federal Rules of Civil Procedure." 31 U.S.C. § 3733(h)(1).

42. Under Fed. R. Civ. P. 30(d)(2) courts "may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent."

43. On March 10, 2021, Respondent Rick Gray had actual knowledge of his legal obligation to appear, pursuant to the CID, on March 17, 2021, at 9:00 a.m.

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-11

at 920 W. Riverside Ave., Spokane, Washington.  Respondent Rick Gray sought the benefit of counsel who, on March 10, 2021, acknowledged receipt of the CID.

44.  At no time did Respondent Rick Gray make any request to the United States for an alternate date, time, or location in which to provide oral testimony under oath pursuant to the CID.  (Tornabene Declaration at ¶23).

45.  At no time did Respondent Rick Gray make any objection to the United States regarding the enforceability of the CID.  (Tornabene Declaration at ¶24).

46.  At no time did Respondent Rick Gray inform the United States that he would not be appearing to provide oral testimony under oath on March 17, 2021, as directed by the CID.  (Tornabene Declaration at ¶25).

47.  Based on the proper personal service of the CID, a lawfully issued CID pursuant to 31 U.S.C. § 3733, and the clear direction to Respondent Rick Gray of his legal obligation to appear on March 17, 2021, to provide oral testimony under oath, the United States incurred the reasonable expenses detailed in paragraph 24, *supra*, in the total amount of $1,935.79.  Under Fed. R. Civ. P. 30(d)(2), ordering Respondent Rick Gray to pay the actual reasonable expenses incurred by the United States, not including the cost of its attorneys, is an appropriate sanction for his actions.

48.  The United States' reasonable incurred expenses include the travel cost of Special Agent Jason Gonzalez of the USDA OIG.  Special Agent Gonzalez has experience in the investigation of fraud allegedly perpetrated on the many different programs and components of the USDA, which includes federal crop insurance.  (Tornabene Declaration at ¶26).

49.  Special Agent Gonzalez is the lead case agent in this False Claims Act Investigation and has been investigating this case since 2017.  As a result, Special Agent Gonzalez reviewed and analyzed the many documents he has collected from third parties including: the USDA Risk Management Agency (RMA), which is responsible for administering the Federal Crop Insurance Corporation (FCIC); the

1  Rural Community Insurance Company, the crop insurance company which paid
2  Respondent Rick Gray over one million dollars in federally back crop insurance
3  indemnity payments due to Respondent Rick Gray's allegedly false crop insurance
4  loss claims; and records of Respondent Rick Gray's relevant crop deliveries.
5  (Tornabene Declaration at ¶27).

6  50.  Special Agent Gonzalez has also conducted multiple interviews of
7  witnesses, both within the federal government and outside the federal government,
8  with information relevant to this investigation. (Tornabene Declaration at ¶28).

9  51.  As a result of his experience in investigating crop insurance fraud
10  allegations and his specific and detailed knowledge of the facts of the investigation
11  of Respondent Rick Gray's alleged crop insurance fraud, the travel costs of Special
12  Agent Gonzalez to the scheduled oral testimony was reasonable and is a common
13  expense incurred by the United States when taking oral testimony pursuant to a CID.
14  (Tornabene Declaration at ¶29).

15  52.  The United States' reasonable expenses also include the travel of
16  USDA RMA Special Investigator Michael "Chris" Treiber.  Special Investigator
17  Treiber has worked for USDA RMA for 5 years and as a result has expertise in the
18  administration of the FCIC, the process of claims loss adjustment of federal crop
19  insurance by federal crop insurers, and the investigation of alleged crop insurance
20  fraud.  (Tornabene Declaration at ¶30).  Special Investigator Treiber also has
21  experience with crop insurance loss claims for wheat, the crop at issue here.  This
22  includes detailed knowledge of wheat farming practices in the Eastern District of
23  Washington.  (Tornabene Declaration at ¶30).

24  53.  Further, Special Investigator Treiber interviewed Respondent Rick
25  Gray regarding his farming practices and other matters directly relevant to the
26  investigation. (Tornabene Declaration at ¶31).

27  54.  Special Investigator Treiber has been working directly with Special
28  Agent Gonzalez for 4 years investigating the allegations that Respondent Rick Gray

fraudulently obtained over one million dollars in crop insurance indemnity payments between 2013 and 2016. (Tornabene Declaration at ¶32). This includes the review and analysis of the voluminous documents obtained by USDA RMA and USDA OIG from the Rural Community Insurance Company as well as and records of Respondent Rick Gray's relevant crop deliveries. (Tornabene Declaration at ¶32). This also includes participating with Special Agent Gonzalez in the interview of multiple witnesses, both within the federal government and outside the federal government, with information relevant to this investigation. (Tornabene Declaration at ¶32).

55. As a result of his experience in the administration of the FCIC, the claims loss adjustment process for crop insurance companies, wheat farming practices in the Eastern District of Washington, as well as his experience investigating crop insurance fraud allegations and his specific and detailed knowledge of the facts of the investigation of Respondent Rick Gray's alleged crop insurance fraud, the expense of the travel of Special Investigator Treiber was reasonable for the United States to incur. Further, it is not uncommon to have an additional investigator and/or subject matter expert present at oral testimony pursuant to a CID. (Tornabene Declaration at ¶33).

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests this Court to:

(a) Issue an order requiring that Respondent Rick Gray provide oral testimony under oath as required and specified in CID No. EDWA 21-002 on April 15, 2021, at 9:00 am in Room 116 of the Thomas S. Foley U.S. Courthouse located at 920 W. Riverside Ave., Spokane, Washington 99201, or at such later date or time, or at such other location, as agreed to by both parties in writing;

(b) Impose costs on Respondent Rick Gray in the total amount of $1,935.79 to be paid to the United States within thirty (30) days from the date

//

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-14

such costs are ordered; and

    (c)    Grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted this 31st day of March, 2021.

        Joseph H. Harrington
        Acting United States Attorney

        _____
        Tyler H.L. Tornabene
        Daniel Hugo Fruchter
        Assistant United States Attorneys
        Eastern District of Washington
        920 W. Riverside Ave., Suite 340
        Spokane, Washington 99201
        (509) 353-2767
        Tyler.H.L.Tornabene@usdoj.gov

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-15

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2021, I caused to be delivered via electronic mail and certified mail the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

> Timothy J. Carlson
> Carlson Hinton Attorneys at Law
> 2010 W. Nob Hill Blvd-Ste 3
> Yakima, WA 98902-5282
> tcarlson@carlsonhinton.com

_____
Tyler H.L. Tornabene
Assistant United States Attorney

UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT AND COSTS-16